Dear Mr. LeBlanc:
The Division of Administration is responsible for the bi-weekly payment of approximately 50,000 state employees. There are times when an employee is overpaid in error. If the employee is employed by the state at the time of the overpayment, the state is able to recoup the payment from the following pay period. The recoupment of overpayments is more difficult in those instances when the employee is no longer employed by the state. Although many employees, upon receiving notification from the state of the overpayment reimburse the state; many do not. The Division of Administration questions if a state agency would be in violation of Louisiana Law if no recoupment efforts are made for minor overpayments.
In short, we believe that a public agency would be in violation of the Louisiana Constitution if no recoupment efforts are made. Article 7, Section 14 of the Louisiana Constitution clearly prohibits the donation of public funds. Thus the state or any of its political subdivisions may not loan, pledge or donate its funds or anything of value to or for any person when it is under no obligation to do so.[1] We have interpreted legal obligation to mean that the expenditure of funds be sanctioned, authorized by law, or in the discharge of a legal duty.[2]
Public employees may only be compensated for their labor. They are also entitled to all earned benefits. Bonuses or any other type of gratuitous, unearned payments are prohibited.
Clearly, an overpayment, a payment for something that the employee did not earn, is a bonus and is prohibited by Article 7, Section14 of the Louisiana Constitution. It stands to reason, therefore, that the agency must exercise every reasonable means to recover the overpayment. Reasonable means must be determined by the agency on a case-by-case basis and on sound business practices and principles.
We trust that this adequately responds to your request. If you have any questions or comments, please do not hesitate to contact our office.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: ________________________________ TINA VICARI GRANT Assistant Attorney General
CCF, jr./TVG/dam
[1] City of Port Allen v. Louisiana Municipal Risk Agency,439 So.2d 399 (La. 1983).
[2] Attorney General Opinion Nos. 02-0162 and 00-14.